UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEY JAMES HARRIS a/k/a JAMES LaVELL HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY JAIL; et al.,<br><br>Defendants.                              / | No. C 09-3758 SI (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Smiley James Harris a/k/a James LaVell Harris, formerly an inmate at the Lake County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. Before the court reviewed his complaint, he filed a first amended complaint. His first amended complaint supersedes the complaint and is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his first amended complaint, Harris claimed that jail officials wrongfully refuse to recognize him by his preferred moniker. He wants to be called Smiley James Harris and jail officials won't recognize him except as James LaVell Harris. Harris alleges the following:

> My true legal name as recognized and accepted by the United States Judicial system is Smiley James Harris. However, there is a "strawman" in the name of James LaVell Harris, resulting from the relationship formed through the issuance of the social security number and the liabilities and the obligations created therefrom.

> However, on 1/21/05 I caused to be filed in the Rancho Simi Township, in the Canoga Park, of the California State Republic, an "Oath" to uphold and defend the California State Constitution (1849), a "Declaration of Citizenship" for the California State Republic and a "Revocation of Power of Attorney" terminating and/or severing my relationship with the social security number erroneously issued to me at birth (the strawman) in the name of James LaVell Harris; thereby terminating and/or revoking any presumptions of liability and/or obligations to the State of California. I have asserted my primary state citizenship in my true name of Smiley James Harris and therefore assert that I am not a privity of the strawman and that I have an aggregate relationship to the strawman.

First Amended Complaint, p. 4 (errors in source).

When Harris submitted documents in the jail, such as grievances, identifying himself as Smiley James Harris, jail officials sent them back and insisted that he use his legal name. That prompted Harris to submit documents "in the name of 'Harris'" and would sign the documents "'without prejudice.'" Id. at 5. That effort also failed, and jail officials told him he would not be allowed to submit additional grievances with "'without prejudice'" being the signature. Id.

In his first amended complaint, Harris contends that the practice of requiring him to sign his legal name denies him meaningful access to the inmate grievance and appeals system, due process, equal protection, and access to the mail.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

United States District Court / For the Northern District of California

The first amended complaint fails to state a claim upon which relief may be granted. The jailers' refusal to recognize Harris by his preferred name does not amount to a violation of any rights under the Constitution, laws or treaties of the United States. Although jail rules requiring the use of one's legal name might have to yield when a prisoner changes his name for religious reasons, Harris does not allege that his use of "Smiley James Harris" as his name was done for religious reasons. Cf. Malik v. Brown, 16 F.3d 330, 332 (9th Cir. 1994) (adoption of Muslim names by converts to the Islamic faith is an exercise of religious freedom protected by First Amendment). Without a religious basis for his name preference, Harris' claim fails. Prison and jail officials may require an inmate to follow statutory procedure for changing his name in order to have prison authorities recognize the new name and prevent "capricious, incessant, casual, sudden, harassing, on-the-spot name changes." Azeez v. Fairman, 795 F.2d 1296, 1299 (7th Cir. 1986); see also Malik, 16 F.3d at 334 (state "has a legitimate interest in continued use of an inmate's commitment name"). Harris has not legally changed his name by doing that which is alleged in block quote at pages 1-2 above. See Cal. Code Civ. Proc. § 1276 (application for a change of name must "be made to the superior court of the county where the person whose name is proposed to be changed resides" by filing a signed petition). The jailers' requirement that Harris use his legal name to obtain jail services is a legitimate precondition for him to obtain services such as receiving mail and filing grievances. Cf. Resnick v. Adams, 348 F.3d 763, 770 (9th Cir. 2003) (prison had a legitimate governmental interest in the orderly administration of a program that allowed prisons to accommodate the needs of thousands of prisoners and that "[a]llowing inmates to make requests outside this system by letters sent to various prison officials would frustrate the orderly administration" of the program). The claim must be dismissed. Leave to amend will not be granted because it would be futile.

The court notes that the jailers are not the only ones who refer to Harris by his legal name. The state superior courts identified him as James LaVell Harris. Id. at 7. The state court of appeals also did. See People v. James Lavell Harris, 145 Cal. App. 4th 1456 (Cal. Ct. App. 2006). So did the State of California Health and Human Services Agency and apparently the Social Security Administration. See Notice of Discontinuance of SSI/SSP Medic-Cal (attached

3

as exhibit to petition in <u>Harris v. State of California</u>, Case No. C 09-3257 SI).

### CONCLUSION

For the foregoing reasons, the first amended complaint is dismissed without leave to amend because it fails to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: April 1, 2010

_____
SUSAN ILLSTON
United States District Judge